IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| 2202240 ONTARIO INC. d/b/a NOR ENVIRONMENTAL INTERNATIONAL, 314 Leonard Street, North Bay, Ontario P1B 5K4<br>　　　　Plaintiff,<br><br>v.<br><br>HUNTER DEFENSE TECHNOLOGIES, INC. d/b/a HDT GLOBAL, 4568 Mayfield Road Suite 204, Cleveland, OH 44121<br><br>　　　　Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 2202240 ONTARIO INC. d/b/a NOR ENVIRONMENTAL INTERNATIONAL files this Complaint against Defendant HUNTER DEFENSE TECHNOLOGIES, INC. d/b/a HDT GLOBAL, alleging as follows:

## THE PARTIES

1. 2202240 ONTARIO INC. d/b/a NOR ENVIRONMENTAL INTERNATIONAL ("NOR") is a corporation incorporated pursuant to the laws of Ontario with and having a principal place of business at 314 Leonard Street, North Bay, Ontario P1B 5K4.

2. Upon information and belief HUNTER DEFENSE TECHNOLOGIES, INC. d/b/a HDT GLOBAL ("HDT Global") is a corporation organized and existing under the laws of the

1

State of Delaware, with its principal place of business in Solon, OH.  HDT Global may be served with process through its registered agent, Registered Agent Solutions, Inc., 4568 Mayfield Road Suite 204, Cleveland, OH 44121.

## JURISDICTION AND VENUE

3. This is an action for infringement of United States patents.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, HDT Global is subject to personal jurisdiction by this Court.  HDT Global has committed such purposeful acts and/or transactions in the State of Ohio that it reasonably knew and/or expected that it could be hailed into a Ohio court as a future consequence of such activity.  HDT Global makes, uses, and/or sells infringing products, specifically integrated collective protection systems, within the Northern District of Ohio and has a continuing presence and the requisite minimum contacts with the Northern District of Ohio, such that this venue is a fair and reasonable one.  Upon information and belief, HDT Global has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of Ohio.  For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

## PATENT-IN-SUIT

5. On May 21, 2002, United States Patent No. 6,390,110 B1 ("the '110 Patent" or the "Patent-in-Suit") was duly and legally issued for "TRANSPORTABLE COLLECTIVE PROTECTION SYSTEM."  A true and correct copy of the '110 Patent is attached hereto as Exhibit A and made a part hereof.

6. As it pertains to this lawsuit, the '110 Patent generally relates to transportable collective protection systems for decontamination of personnel, and provision of toxic-free areas where people can be retained safe from further exposure to chemical, biological, radiation and nuclear ("CBRN") hazards.

7. For example, claim 1 claims the following:

A transportable collective protection system comprising a plurality of sealed enclosures, a first sealed enclosure connected to a source of filtered air under pressure, a second sealed enclosure connected to the first sealed enclosure by a sealed connection, said second sealed enclosure having an entrance distal said first sealed enclosure, said sealed connection being adapted to permit the passage of personnel into said first sealed enclosure, and to permit air flow from said first to said second sealed enclosure, whereby contaminated personnel may enter said second sealed enclosure, be decontaminated in said second sealed enclosure before entering said first sealed enclosure, and vapor contamination of said first sealed enclosure is prevented, said first sealed enclosure being a toxic free area (TFA), and second sealed enclosure being a contamination containment area (CCA), each of said enclosures being formed of a resilient material formed of a multi-layer thermoplastic composite, comprising a woven layer of high density polyethylene, laminated to a barrier film, and coated on both sides with a film of low density polyethylene.

## **FIRST CLAIM FOR RELIEF**
(Patent Infringement)

8. Plaintiff repeats and realleges every allegation set forth above.

9. Plaintiff is the owner of the '110 Patent with the exclusive right to enforce the '110 Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

10. HDT Global is liable under 35 U.S.C. §271(a) for direct infringement of the '110 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the '110 Patent. Specifically, HDT Global infringes at least Claim 1 of the '110 Patent because it makes, uses, sells, and offers for sale the XCP-50 and XCP-100 Integrated Collective

Protection (ColPro) Systems for use in a chemically and/or biologically contaminated environment. The infringing ColPro Systems are designed and constructed to allow personnel to enter through the contamination containment area ("CCA"), where they are decontaminated. The connection between the CCA and the airlock acts to prevent CBRN contamination from the CCA to the airlock, and the airlock is maintained at a higher pressure than the CCA so that when the connection between the two is temporarily broken, air flows from the airlock to the CCA. In this way, decontaminated personnel may exit the CCA and enter the airlock without CBRN contaminates migrating from the CCA into the airlock. The toxic free area ("TFA") is maintained at a higher pressure than the airlock so that air flows from the TFA to the airlock when personnel are exiting the airlock and entering the TFA. In this way, the TFA is kept free of containment.

11. Upon information and belief, HDT Global has actual notice of the '110 Patent at least as early as November 2010, based on written communications and subsequent interactions between Louis Brown and an HDT-related entity involving the '110 Patent. As such, Plaintiff alleges that HDT Global's infringement has been willful.

12. Plaintiff has been damaged as a result of HDT Global's infringing conduct. HDT Global is, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringement, which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

Plaintiff requests that the Court enter judgment in its favor and against HDT Global for the following:

a. That one or more claims of the '110 Patent have been infringed, either literally and/or under the doctrine of equivalents, by HDT Global;

b. That HDT Global account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of HDT Global's infringing activities;

c. That HDT Global, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the '110 Patent.  In the alternative, if the Court finds that an injunction is not warranted, an award of post judgment royalty to compensate for future infringement;

d. That HDT Global's infringement be found to be willful, and that the Court award enhanced damages pursuant to 35 U.S.C. § 284.

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of HDT Global's infringing activities;

f. That this case be declared exceptional and that Plaintiff be awarded its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  April 22, 2015.	Respectfully submitted,

/s/ Richard S. Mitchell (0007036)
rmitchell@ralaw.com
Christine M. Garritano (0078423)
cgarritano@ralaw.com
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center
Ninth Floor
Cleveland, OH 44114
Telephone: 216.623.0150
Facsimile: 216.623.0134

Jonathan T. Suder
Texas State Bar No. 19463350
Decker A. Cammack
Texas State Bar No. 24036311
Dave R. Gunter
Texas State Bar No. 24074334
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
jts@fsclaw.com
cammack@fsclaw.com
gunter@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**